[No. 4733.]

MANNIX, AS COUNTY CLERK OF TELLER COUNTY, v. SELBACH ET AL.

**Elections—Vacancies—County Officers.**

The election to be held in November, 1903, for the election of a judge of the supreme court is a general election within the meaning of section 9, article 14, of the constitution, providing that persons appointed by the board of county commissioners to fill vacancies in county offices shall hold office until the next general election. The amendment to section 8, article 14, of the con-

stitution changing the time for election of county officers and extending the terms of such officials now in office for one year did not change the manner of filling vacancies in such offices.

*Upon Review from the District Court of . Teller County.*

Mr. SCOTT ASHTON, for petitioner.

Messrs. STIMSON & SMITH, for respondents.

Mr. JUSTICE GABBERT delivered the opinion of the court.

The respondents, Selbach and Delaney, were nominated as opposing candidates for the office of assessor of Teller county, and respondents Doran and Gesell nominated as opposing candidates for the office of coroner of that county. They duly presented to petitioner their certificates of such nominations, who refused to receive and file them, for the reason that in his judgment no vacancy existed which authorized the election of persons for the offices named at the next coming election. It appears that the regularly elected assessor died last July; that another was duly appointed to fill the vacancy thus occasioned, and that the regularly elected coroner resigned, and respondent Doran was appointed to fill the vacancy thus created. Upon the refusal of the clerk and recorder to file the certificates tendered respondents brought an action in the district court of Teller county to compel him to receive and file such certificates, and place their names on the official ballots as candidates for the respective offices they were nominated to fill, to be voted for at the next election. On the hearing of this proceeding, judgment was rendered in their favor, as prayed. The county clerk and recorder brings the matter here for review, basing his right so to do by virtue of the provisions of section 13 of an act relating to elections, passed at

the regular session of 1891, and amended in 1897, as appears in the laws of that year, at page 155.

The only question presented for determination is, whether or not a vacancy exists in the offices of assessor and coroner for Teller county, which should be filled at the election next month. It may be that this question is not one which the supreme court is authorized to review in a summary way under the procedure adopted by petitioner by virtue of section 13, *supra*. It has never been decided, and as it is not raised in this proceeding, we shall not attempt to determine it in this instance.

Section 9, article 14, of the constitution provides, in effect, that in case of a vacancy in the office of assessor or coroner, the board of county commissioners shall fill such vacancy by appointment, and that the persons so appointed shall hold office until the next "general election," when, according to the plain intendment of the law, the terms of such appointees expire and their successors must be elected.

Section 7, article 7, of the constitution provides for holding an annual election. This is designated a "general election." The legislature has provided that at the general election of 1879, and every three years thereafter, there shall be elected one judge of the supreme court.—Sec. 1578, Mills' Ann. Stats. It will thus be seen that the term "general election" has both a constitutional and statutory definition, and means the election to be held in November of this year, for, according to law, a judge of the supreme court is to be elected at that time. So far as the rights of the parties to this proceeding are involved, the meaning of the term "general election," as defined in the constitution or by statute, has not been changed. The mere fact that no general election is to be held this fall for the election of county officials does not alter the situation.

The amendment to section 8, article 14, of the constitution—Session Laws 1901, p. 113—has changed the date when such officials, to serve the full and regular term, shall be elected throughout the state, and provided that the terms of office of such officials as would expire in January, 1904, were extended to the second Tuesday in January, 1905, but has not changed the manner of filling vacancies in such offices in the *interim*. It follows, therefore, that as the election next month is a general election, within the meaning of the constitution and statutes, that vacancies in county offices of Teller county must be filled by election in accordance with section 9, article 14, of the fundamental law of the state.

The chief justice was not present when this proceeding was submitted to the court. For that reason he takes no part in the decision. The judgment of the district court will stand affirmed.

*Affirmed.*