[No. 4741.]

## BEACH ET·AL.' V. BERDEL.

**Elections—Review by Supreme Court—Discretion.**

In an action to compel a county clerk to receive and file nominations for county officers which was refused by him on the ground that no election for such offices could be held at the ensuing election, where in the absence of one of the judges of the supreme court the other two disagree as to whether the court should exercise its discretion to review the judgment of the lower court even if it has jurisdiction to do so, the proceeding must be dismissed and it is unnecessary to determine whether or not the court has jurisdiction to review the judgment of the lower court.

*Upon Review from the District Court of Arapahoe County.*

Mr. DANIEL PRESCOTT and Mr. WM. A. BRYANS, Jr., for petitioners.

Mr. JOHN A. RUSH, Mr. C. H. PIERCE and Mr. W. C. BOWEN, for respondent.

Mr. JUSTICE GABBERT delivered the opinion of the court.

The question sought to be presented by petitioners and have determined in this proceeding, is, whether or not successors to certain county officials of the county of Arapahoe, appointed by the governor on the organization of that county, should be elected at the election to be held on the third prox. Petitioners were nominated for such offices by a convention of a political organization held on the 17th inst., and on the same day presented to the county clerk their certificates of nomination, which were refused upon the ground that no election for the offices for which they had been nominated could be held at such election. Three days later petitioners instituted proceedings in the district court to compel the county clerk to receive and file such certificates. These proceedings were finally disposed of on the 23rd, the judgment being that petitioners were denied the relief demanded. They brought the matter here for review on the next day, under the procedure provided by section 13 of an act, as amended in 1897, Session Laws. 1897, p. 155. Respondent challenges the authority of this court to hear and determine the question presented under the procedure adopted by petitioners, his contention being that section 13, *supra,* does not contemplate the review of such question by the method therein provided. The law under which this proceeding is instituted expressly provides that the decision of a court having jurisdiction to determine the questions thereby contemplated shall be final, except that the supreme court may, in the exercise of its discretion, review the action of the trial court. The law provides that certificates of

nomination by convention for county officers shall be filed not less than fifteen, nor more than sixty, days before the day of election. Petitioners waited until nearly the last day before presenting their certificates of nomination to the county clerk. Thereafter such proceedings were had that the matter did not reach this court until ten days before election. Important questions are raised. If the contention of petitioners is correct, steps must be taken by the county clerk and other county officials in the way of the preparation of ballots, the appointment of election judges, and other necessary details, within a very few days before election. In such circumstances the two members of this court to whom the cause was submitted (the other being absent) are unable to agree upon the proposition of whether or not, in the exercise of the discretion vested by law, jurisdiction of this proceeding should be assumed, even if the question presented is such that it may be reviewed by the method adopted by the petitioners under the provisions of section 13, *supra*. For this reason it is unnecessary to determine the jurisdictional question raised by respondent, for the proceeding must be dismissed without regard to what the law may be on that proposition.

An additional reason why this court, in the exercise of its discretion, should not assume jurisdiction, though not suggested by counsel either on argument or in briefs, and therefore only considered by the writer, and consequently can not be taken as an expression by the court or chief justice, is this: The rights of officials of the county to hold their respective offices after the next election are at least indirectly involved. They are not before us, and yet in their absence this court is asked to determine a question which necessarily affects these important rights, in a proceeding to which they are not parties, and on

a proposition with respect to which they have never been heard. In *Mannix v. Selbach, ante,* p. 502, we expressly refrained from expressing any opinion upon the question of our authority to review the action of the district court under the procedure adopted. It should also be stated, although not noticed in the opinion, that counsel in that case advised the court that the assessor, who had been appointed to fill the vacancy occasioned by the death of her predecessor, was desirous of having the question presented determined, so as to obviate the necessity of instituting *quo warranto* proceedings later, to test her right to hold her office after election.

*Proceedings dismissed.*