[No. 6116.]

## SHERLOCK ET AL. v. THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT, AND PETER L. PALMER, ONE OF THE JUDGES THEREOF.

**Elections—Placing Names on Official Ballots—Duty of County Clerks—Injunction — District Courts—Jurisdiction—Prohibition.**

A county clerk issued his call for the regular state and county election, and in such call made provision for two county commissioners. The political parties nominated candidates for such offices and no protests were filed within the statutory time allowed for such purpose. Held, that it was the duty of the county clerk, under his call and the statutes, to have such names printed upon the official ballot, and the district court was without jurisdiction to enjoin him from so doing or to enjoin the printer from printing such ballots, and a writ of prohibition will issue to restrain the district court from so doing.—P. 43.

### Original Proceeding.

Petition by Edward D. Sherlock, Howard C. Parmelee, Samuel D. C. Hays, George D. Curtice and Albion K. Vickery, as county clerk and ex-officio recorder of the city and county of Denver, for a writ of prohibition to the district court of the second judicial district and to Peter L. Palmer, one of the judges thereof. ·                    *Writ granted.*

Mr. HENRY J. HERSEY, Mr. RICE W. MEANS, and Mr. EMERSON J. SHORT (Mr. FRED W. PARKS, Mr. GEORGE STIDGER, and Mr. GREELEY W. WHITFORD, of counsel), for petitioners.

Mr. O. N. HILTON, for respondents.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

In obedience to the statute on that subject, the county clerk of the city and county of Denver issued his call for the regular state and county election to be held therein on the 6th day of November, 1906. Con-

ceiving that, under section 6 of article 14 of the constitution as amended (Session Laws 1901, p. 112), two county commissioners of the county are to be voted for at this election, each to hold for a term of four years, the clerk made provision therefor in the call. The various political parties, through their conventions and authorized agents, likewise conceiving that two commissioners are to be voted for, made nominations therefor and certified and filed the same in the appropriate public office.

To none of these nominations thus certified were protests made within the three days allowed by statute for that purpose, or at all. The county clerk was arranging to have the official ballot printed with the names of these various candidates upon it, when Thomas A. Weeks, an elector, taxpayer and resident of the county, asserting that under this section of the constitution, the county was entitled to only three commissioners who were then holding office, and that there was no vacancy to be filled at the election, brought an action in the district court of the city and county of Denver, in which these candidates and certain public officers were made respondents, to restrain the county clerk from certifying and having printed, and the printer from printing, the official ballot with the names of these various candidates upon it.

The respondents appeared and filed a demurrer which, among other grounds, stated that the court did not have jurisdiction of the subject-matter. The court overruled the demurrer and granted a temporary writ of injunction restraining the county clerk from certifying and the printer from printing, the names of these respondents as candidates for county commissioners upon the official ballot. The respondents then stated that they would stand by the demurrer and asked the court to enter final judgment,

so that they might have the same speedily reviewed in the supreme court. The district court declined to enter final judgment. Claiming that it is impossible for them by the ordinary remedy of a review to get the redress they are entitled to, respondents have filed in this court their petition asking, among other things, for an order prohibiting the district court from further proceeding in the action, or attempting to enforce its writ.

We think the district court did not have jurisdiction of the subject-matter, and that petitioners here are entitled to invoke this remedy to nullify its action. The respondents below (petitioners here) had been duly nominated by their respective parties as candidates for the office of county commissioner, and it is the duty of the county clerk, under his call and the statutes governing the subject, to have their names printed upon the official ballot. Under the facts disclosed by this record, it was not proper, or in accordance with the practice hitherto prevailing in this jurisdiction, to have litigated before the election, as was attempted below, or in an injunction action, the important questions therein presented.

Supporting this conclusion are: *Mills v. Newell,* 30 Colo. 377; *Mannix v. Selbach,* 31 Colo. 502; *Beach v. Berdel,* 31 Colo. 505.

Let the writ go as prayed for.  *Writ granted.*

Decision *en banc,* all the justices concurring except GABBERT, C. J., not participating.